Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 02597 | **DATE** | 4/17/2013 |
| **CASE TITLE** | Brown vs. Chicago Municipal Employees Credit Union, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this Order, the plaintiff's complaint [1] is dismissed without prejudice, application to proceed *in forma pauperis* [3] is granted, and motion for appointment of counsel [4] is denied without prejudice. The plaintiff is granted leave to file an amended complaint on or before May 17, 2013.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

### I. Background

Plaintiff Angela Brown filed this action against Defendants Chicago Municipal Employees Credit Union ("Credit Union") and the City of Chicago's Comptroller's Office ("Comptroller"), alleging that the Credit Union has been overpaid on signature and automobile loans pursuant to a lien on her pension. According to Brown, her signature loan with the Credit Union has been paid in full for over a year. Compl. at 1. However, Brown alleges that despite the loan being paid off, the lien has not been released, and the Comptroller has continued to withhold and send a portion of her pension to the Credit Union. *Id.* Further, Brown claims that the Credit Union has charged her late fees, even though her credit report shows that she has never made a late payment. *Id.*

Brown also alleges that she is experiencing the same problem regarding an automobile loan that was paid off in May of 2008. *Id.* at 1-2. She claims that she requested a copy of her payment history from the Credit Union and Comptroller, and that those records were missing the first year of her payments on the loan. *Id.* at 1. Moreover, she alleges that a portion of her auto loan payments were improperly sent to an insurance company, "a third share account, and [applied to] late fees"—late fees, she claims, that have been charged two or three times in the same month. *Id.*

According to Brown, the Credit Union also received a portion of her pension ($5,886.85) in October of 2012 that should have been placed in an Individual Retirement Account ("IRA"). *Id.* at 2. Brown claims that the Credit Union has been overpaid on the loan and that she has not received the title to her vehicle. *Id.* Pending before the Court are Brown's *pro se* complaint, motion to proceed *in forma pauperis*, and motion for appointment of counsel.

## II. Analysis

Pursuant to 28 U.S.C. § 1915(a), this Court "may authorize the commencement…of any [civil] suit…without prepayment of fees…by a person who submits an affidavit that includes a statement of all assets…that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "A litigant wishing to proceed *in forma pauperis* must show that [s]he is unable to pay [the] required filing fees," *See Merritte v. Templeton,* 493 Fed. Appx. 782, 784 (7th Cir. 2012) (citing 28 U.S.C. § 1915(a)(1); *Lister v. Dep't of Treasury,* 408 F.3d 1309, 1312 (10th Cir. 2005)), and this Court "has wide discretion to decide whether a litigant is impoverished." *Id.* (citing *Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1306 (11th Cir. 2004)). Brown's *in forma pauperis* application indicates that she is currently unemployed and receiving a pension of $12,986.85. Pl. Mot., Dkt. 3 at 1. She has also received $5,908 in unemployment insurance, from December 2012 to present. *Id.* at 2. Based on these facts, Brown has demonstrated that she is unable to pay the filing fee. Brown has adequately completed and signed her application, Pl. Mot., Dkt. 3, and, therefore, her application is granted.

That said, § 1915(e)(2) requires the Court to review the action of a plaintiff who wishes to proceed *in forma pauperis,* and dismiss that action if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). When evaluating a complaint in the context of an application to proceed *in forma pauperis,* the Court applies the same standard as that for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Vann v. Catholic Bishop of Chi.,* No. 13 C 01058, 2013 WL 1222060, at *1 (N.D. Ill. Mar. 25, 2013) (citing *Allen v. JP Morgan Chase,* No. 10 C 02137, 2010 WL 1325321, at *1 (N.D. Ill. Mar. 30, 2010), citing *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000)). As such, the Court will treat all well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Mann v. Vogel,* 707 F.3d 872, 877 (7th Cir. 2013). While the plaintiff need not plead detailed factual allegations, her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 666 (7th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). That is, her "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Council 31 of the Am. Fed'n of State, Cnty. and Municipal Emps., AFL-CIO,* 680 F.3d 875, 884 (7th Cir. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Twombly,* 550 U.S. at 570).

Here, Brown has pleaded facts that suggest a bona fide dispute with the Credit Union about the status of her loans, but such a dispute does not give rise to a federal claim under 42 U.S.C. § 1983 absent a colorable claim that some action by the state has violated one or more of her rights under the federal Constitution. "In order to state a claim under § 1983, a plaintiff must sufficiently allege that (1) a person acting under color of state law (2) deprived [her] of a right, privilege, or immunity secured by the Constitution or laws of the United States." *London v. RBS Citizens, N.A.,* 600 F.3d 742, 745-46 (7th Cir. 2010) (citing *Buchanan-Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009)). At the threshold, Brown has not alleged the first element of a § 1983 claim—that the Credit Union acted, or is acting, under "color of state law." Because the Credit Union is not a state actor, *see, e.g., James v. Heritage Valley Fed. Credit Union,* 197 Fed. Appx. 102, 106 (3d Cir. 2006), Brown would need to allege facts demonstrating that the Credit Union "willfully colluded with the state or its agents to violate [her] constitutional rights." *Mackall v. Cathedral Trs., Inc.,* 465 Fed. Appx. 549, 551 (7th Cir. 2012) (citing

*Thurman v. Vill. of Homewood,* 446 F.3d 682, 687 (7th Cir. 2006); *Hanania v. Loren-Maltese,* 212 F.3d 353, 356 (7th Cir. 2000), citing *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002)). But Brown has not alleged any facts that indicate, or even raise a reasonable inference, that the Credit Union was acting in concert with state officials. *See, e.g., Lewis v. Mills,* 677 F.3d 324, 333 (7th Cir. 2012) (explaining that to establish § 1983 liability through a conspiracy theory, "a plaintiff must demonstrate that: (1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of [her] constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents," citations omitted); *see also Swanson v. Horseshoe Hammond, LLC,* 445 Fed. Appx. 868, 870 (7th Cir. 2011) ("But a private party acts under color of state law if the state effectively directs or controls its actions or has delegated a public function to the private entity," citing *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 823 (7th Cir. 2009); *Johnson v. LaRabida Children's Hosp.,* 372 F.3d 894, 896 (7th Cir. 2004)).

The city Comptroller is a state actor under § 1983, but Brown has not alleged sufficient facts to state a claim, beyond speculation, that the Comptroller violated her constitutional rights. For instance, to maintain a procedural due process claim, the plaintiff must allege "that a state actor has deprived [her] of a constitutionally protected liberty or property interest without due process of law." *Doyle v. Camelot Care Ctrs., Inc.,* 305 F.3d 603, 616 (7th Cir. 2002) (citing *Zinermon v. Burch,* 494 U.S. 113, 125 (1990); *Mason v. Sybinski,* 280 F.3d 788, 794 (7th Cir. 2002)). According to Brown's pleadings, the Comptroller has continued to withhold portions of her pension pursuant to a Credit Union lien. She has not pled any facts, however, that support a reasonable inference that the Comptroller has deprived her of her property interest in those pension funds without the due process of law. Rather, as already explained, Brown's complaint merely shows that the Comptroller was acting pursuant to a lien, which, according to the plaintiff, has not been released by the Credit Union. As such, the Comptroller is performing a ministerial task pursuant to the law, and, according to the plaintiff's pleadings, has taken no action to cause the plaintiff's alleged injury. *Cf. Lewis v. Anderson,* 308 F.3d 768, 773 (7th Cir. 2002) ("Negligence or even gross negligence does not suffice to give rise to liability under § 1983," citation omitted). Brown has not pleaded any facts that would permit any inference, even a weak one, that in making payments in satisfaction of the Credit Union's lien, the Comptroller had any reason to know that the lien was no longer valid (and based on the allegations of the complaint, at some point the lien plainly was valid), and so there is no basis in the complaint to infer that the Comptroller deprived her of due process.

Beyond these substantive shortcomings, it should also be noted that Brown's complaint must be dismissed because it is not signed. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

For all of these reasons, Brown's complaint is dismissed without prejudice. To the extent the plaintiff believes she can state a federal claim, in good faith, she is granted 30 days to file an amended complaint that is both signed and consistent with this Order.

As a final matter, Brown's motion for appointment of counsel is denied without prejudice. There is no right to counsel in a civil case, and the deficiencies identified above are primarily factual, not legal, in nature. This denial is without prejudice to a further request should

Brown's case advance to a point that substantial legal assistance is required.

\*     \*     \*

Brown's complaint fails to state a claim pursuant to § 1983, and is therefore dismissed without prejudice. However, the plaintiff is granted 30 days to file an amended complaint, signed and consistent with this Order. Prior to filing an amended pleading, this Court strongly advises the plaintiff to use the services of the *Pro Se* Assistance Office. The *Pro Se* Assistance Program operates by in-person appointment only. Appointments may be made at the Clerk's Intake Desk or by calling (312) 435-5691.

*[signature: John J. Tharp Jr.]*

| | Courtroom Deputy Initials: | AIR |
|---|---|---|